THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GEOVANNY MOSQUERA-VANEGAS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 18-1835 (ADC)
[Related to Crim. No. 14-726-27 (ADC)]

### OPINION AND ORDER

Pending before the Court is Geovanny Mosquera-Vanegas's timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1.**[1] The government filed a response. **ECF No. 13.** For the reasons set forth below, petitioner's § 2255 motion is **DENIED.**

I.   Factual and Procedural Background[2]

Petitioner seeks post-conviction relief on the basis that his trial counsel, Maribel Flores-Fonseca, ("counsel Flores") allegedly rendered ineffective assistance of counsel. Petitioner argues that counsel Flores was ineffective in that she: (1) advised Mosquera to waive his rights to direct and collateral appeal; (2) failed to argue at sentencing that Mosquera played a minor

---

[1] Petitioner's § 2255 motion was placed in the prison mail system on September 11, 2018, **Civil No. 18-1835, ECF No. 1 at 12,** less than a year after the final judgment in his criminal case issued on September 14, 2017, **Crim. No. 14-726, ECF No. 984 at 1.** The statute of limitations for a habeas petition is one year and, thus, the instant motion is timely. *See* 28 U.S.C. § 2255(f)(1).

[2] Unless otherwise noted, all facts are taken from the plea agreement in petitioner's criminal case. **Crim. No. 14-726, ECF No. 748.**

role in the conspiracy; and (3) failed to argue at sentencing that the government had not proven Mosquera's *mens rea* "beyond a reasonable doubt." **ECF No. 1 at 4**.

This case stems from a conspiracy to smuggle 72 kilograms of cocaine from Colombia to Puerto Rico for distribution. **Crim. No. 14-726, ECF No. 748 at 12**. Mosquera's participation in this conspiracy primarily involved his attempt to collect money owed for the drugs distributed. *Id.* Mosquera was arrested and charged for having participated in a conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846. *Id.* Mosquera was initially arrested in Colombia and spent 32 months in Colombian custody pending kidnapping charges[3] related to the narcotics conspiracy charged herein. **Crim. No. 14-726, ECF No. 984 at 2**. On September 27, 2016, Mosquera pleaded guilty to possession with intent to distribute cocaine, heroin, and marijuana in violation of 21 U.S.C. § 841.[4] **Crim. No. 14-726, ECF No. 748 at 1–2**.

Pursuant to 21 U.S.C. § 841, Mosquera's offense of conviction carried a minimum sentence of 120 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). The parties agreed that Mosquera's base offense level was 34, that he was entitled to a 3-point reduction for acceptance of responsibility, with a resulting adjusted offense level of 31. **Crim. No. 14-726, ECF No. 748 at 5**. Mosquera's criminal history category was not stipulated. *Id.* at 4. Pursuant to the plea agreement, Mosquera was not permitted to seek any further adjustments or departures to his total offense level—including variances under 18 U.S.C. § 3553—though he was allowed to argue for a

---

[3] The kidnapping charges were dismissed in Colombia prior to defendant's extradition.
[4] 21 U.S.C. § 841 is the substantive statute, § 846 provides for attempts and conspiracies of the subchapter.

variance and credit for his time served in foreign custody based on related conduct.[5] *Id.* at 6–7. Mosquera agreed to waive his right to appeal his sentence and judgment provided he was sentenced in accordance with the plea agreement's recommendations. *Id.* Mosquera indicated that he was satisfied with his representation by counsel Flores and certified that he was voluntarily waiving various other constitutional rights by pleading guilty (*i.e.*, defendant's right to trial by jury). *Id.* at 7–9.

A change of plea hearing was held before then-Magistrate Judge Silvia Carreño-Coll, who determined that Mosquera was competent to plead, **Crim. No. 14-726, ECF No. 751 at 3–4**, and was entering his plea freely and voluntarily, *id.* at 8.[6] Judge Carreño-Coll recommended the Court to accept the guilty plea, *id.* at 8–9, and the Court adopted that report and recommendation without objection by the parties, **Crim. No. 14-726, ECF No. 759**.

After the guilty plea was accepted, counsel Flores successfully argued for a safety valve reduction that lowered Mosquera's total offense level to 29 instead of 31. **Crim No. 14-726, ECF No. 1264 at 3**. The safety valve permitted the court to impose sentence below the 120-month statutory minimum and within the applicable sentencing guideline range of 87 to 108 months. *Id.* At sentencing, counsel Flores argued for the lower end of the guidelines—87 months—and for the 32 months in Colombian custody to be credited as time served. *Id.* at 3–4. Counsel Flores

---

[5] 18 U.S.C. § 3553 provides factors to be considered in imposing a sentence including: the nature and circumstances of the crime; the defendant's criminal history; the seriousness of the offense, the need to protect the public from a defendant, the available sentences, and more. *See* 18 U.S.C. § 3553.

[6] A transcript of the change of plea proceeding demonstrates that petitioner admitted that his plea was entered freely and voluntarily. **Crim. No. 14-726, ECF No. 1309 at 7, 12, 19.**

noted that, per the terms of the plea agreement, she could not argue for a downward variance but could assert that Mosquera's "minor participation" in the criminal conspiracy supported crediting the period of time served in Colombia. *Id.* The Court ultimately sentenced Mosquera to the low end of the guidelines—87 months—and credited the 32 months served, resulting in the imposition of a sentence of 55 months. *Id.* at 12. The Court also imposed a supervised release term of five years. *Id.* Judgment was certified on September 14, 2017. **Crim. No. 14-726, ECF No. 984 at 1**. Mosquera did not appeal. He was released from prison on April 2020.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may petition for collateral post-conviction relief if his sentence: (1) violates the Constitution; (2) is "imposed by a court that lacked jurisdiction"; (3) exceeds the statutory maximum; or (4) is "otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426–27 (1962)). In this case, the challenge seems to primarily be of the first type; ineffective assistance of counsel that constitutes a violation of the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To the extent that any of Mosquera's arguments can be construed to fit in the fourth catch-all provision, the relevant standard for relief is that the error be "fundamental[ly] defect[ive]" such that a failure to correct would result "in a complete miscarriage of justice." *David*, 134 F.3d at 474 (quoting *Hill*, 368 U.S. at 428).[7]

---

[7] At times, it is not clear whether petitioner's pro-se § 2255 motion is claiming ineffective assistance of counsel or some other defect that might fit in this fourth catch-all provision. The Court construes *pro se* motions "more favorably than [it] would those drafted by an attorney." *Miranda v. United States*, 2011 WL 13150194, at *2 (D.P.R.

To make a cognizable claim for ineffective assistance of counsel under *Strickland*, a petitioner must show both that his counsel's performance was deficient, and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To prove the first prong, a petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Moreno-Espada v. United States*, 666 F.3d 60, 64 (1st Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)) (internal quotations omitted). It is not enough to show that another counsel may have behaved differently, but rather a petitioner must prove that *"no competent counsel* would have acted as he did." *Wright v. Marshall*, 656 F.3d 102, 108 (1st Cir. 2011) (emphasis added). To prove the second prong in the context of a guilty plea, the petitioner must show that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Moreno-Espada*, 666 F.3d at 64 (quoting *United States v. Colón-Torres*, 382 F.3d 76, 86 (1st Cir. 2004). A § 2255 motion cannot be successful "[u]nless a defendant makes both showings." *Strickland*, 466 U.S. at 687. Conversely, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper v. Spencer*, 510 F.3d 32, 39 (1st Cir. 2007).

### III. Discussion

Mosquera has petitioned for collateral review as to three issues. **ECF No. 1 at 4**. First, he argues that counsel Flores should not have counseled him to accept a plea agreement which

---

July 21, 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Thus, the Court will address both possibilities where the motion may be construed as alleging both. "Nevertheless, Petitioner's *pro-se* status does not excuse him from complying with procedural and substantive law." *Id.* (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

included a waiver of both direct and collateral appeal. **ECF No. 1-1 at 20.** Second, he asserts that counsel Flores should have argued for a sentence reduction based on Mosquera's "minimal" role in the conspiracy. *Id.* at 22. Finally, petitioner contends that counsel Flores was ineffective in that she never argued that the government had failed to prove Mosquera's *mens rea* (knowledge) beyond a reasonable doubt. *Id.* at 24.

A. *Waiver of Appeal*

First, petitioner argues that counsel Flores erred in advising him to sign a plea agreement that involved a waiver of appeal.[8] Counsel Flores's conduct in this respect was neither deficient nor prejudicial. The Court affords deference to a defense counsel's strategic choices, *Strickland*, 466 U.S. at 689, and plea bargaining certainly involves strategic choices, *Premo v. Moore*, 562 U.S. 115, 124 (2011) (holding that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense counsels must make careful strategic choices in balancing opportunities and risks."). Petitioner fails to provide any reason that the inclusion of an appeal waiver in his guilty plea was not sound trial strategy. Moreover, by waiving appeal, petitioner gained in other aspects of the plea (such as by earning a three-point reduction for acceptance of

---

[8] The "Waiver of Appeal" section of the plea agreement stipulates that Mosquera "knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provision of this Plea Agreement" (which called for a sentence within the AOL of 31.) **Crim. No. 14-726, ECF No. 748 at 7.** Petitioner argues that this language foreclosed both direct and collateral review. **ECF No. 1-1 at 20.** The government, on the other hand, asserts that the language was intended to encompass a waiver of only direct appeal. **ECF No. 13 at 4.** The Court will accept the government's reading for purposes of the instant appeal. *See United States v. Ortíz-García*, 665 F.3d 279, 283 (1st Cir. 2011) ("We construe any ambiguities in the waiver of appeal provision in favor of allowing the appeal to proceed.").

responsibility, a reduction in the drug quantity for which liable and dismissal of other counts of the indictment).

Furthermore, the record shows Mosquera never waived his right to collaterally attack his sentence. Instead, the record shows that Mosquera's guilty plea and waiver of his right to appeal was knowing and voluntary. **Crim. No. 14-726, ECF No. 748, 750, 752, 1309**. Such waiver was contingent to him being sentenced pursuant to the stipulated recommendation as to sentence. It is well settled that "plea-agreement waivers of the right to appeal from imposed sentences are presumptively valid (if knowing and voluntary)." *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001). Mosquera even represented—both by signing the plea agreement, **Crim. No. 14-726, ECF No. 748 at 11**, and by stating as much under oath to the Magistrate Judge at his change of plea hearing, **Crim. No. 14-726, ECF No. 1309 at 6, 14-15**—that he understood the consequence of his waiver and was satisfied by counsel Flores's representation.

Mosquera also fails to show that but for his counsel's actions, he would have refused to plead guilty and proceeded to trial. As such, there is no showing of prejudice under *Strickland*. *See Moreno-Espada*, 666 F.3d at 66 (finding that *Strickland*'s prejudice prong was not met when petitioner failed to file even a sworn affidavit stating that he would have gone to trial but for his counsel's conduct).

Even construing Mosquera's argument under the "catch-all" provision that the waiver itself resulted in a "complete miscarriage of justice," it also fails.[9] An error constitutes a complete miscarriage of justice if it "present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (quoting *Hill*, 368 U.S. at 428). The instant waiver does not represent such an exceptional circumstance. In fact, "[i]t is common practice for the plea agreement to include some version of the defendant's agreement to waive appeal." *See* Catharine M. Goodwin, Federal Criminal Restitution § 14:7 (2020). "Common practice" is far from "extraordinary."

Most importantly, waiver of appeal language nearly identical to that which appears in Mosquera's plea agreement has been consistently upheld in this Circuit and does not present extraordinary circumstances which warrant collateral review. *See, e.g., United States v. Ortíz-García*, 665 F.3d 279, 282 (1st Cir. 2011) (upholding a waiver with the language: "defendant waives and surrenders his right to appeal the judgment and sentence in this case"); *United States v. Miliano*, 480 F.3d 605, 608 (1st Cir. 2007) (same with the language: "[defendant] waives and surrenders his right to appeal the judgment and sentence in this case"); *United States v. De-La-Cruz Castro*, 299 F.3d 5, 7, 10 (1st Cir. 2002) (same with the language: "defendant . . . waives and

---

[9] The fourth possibility for a § 2255 challenge—that a "complete miscarriage of justice" occurred under *Hill*—is reminiscent of the third prong of *Teeter*, which tests whether a waiver of appeal is enforceable. *See United States v. Teeter*, 257 F.3d 14, 25–26 (1st Cir. 2001). There is no need to engage in the first two prongs of a *Teeter* analysis because this issue is not properly before the Court: petitioner does not ask us to determine whether his waiver provision is enforceable. Nonetheless, had the Court occasion to consider this issue, an independent review of the record would make it clear that petitioner fails both prongs and is thus not entitled to a direct appeal of his judgment and/or sentence.

surrenders his right to appeal the judgment and sentence in this case"). Furthermore, defense counsel certified that she had explained the rights Mosquera would be giving up via the plea agreement. **Crim. No. 14-726, ECF No. 751 at 7**. Nothing about this waiver was "extraordinary." Thus, Mosquera's waiver of appeal argument fails on all fronts.

B. *Mosquera's "Minor Role"*

Next, Mosquera argues that counsel Flores erred when she failed to argue for an offense-level reduction under U.S.S.G. § 3B1.2. **ECF No. 1-1 at 23**. He asserts that counsel Flores was obligated to invoke § 3B1.2 either in an objection to the Presentence Investigative Report ("PSR") or at his sentencing hearing. *Id.* at 22. U.S.S.G. § 3B1.2 provides for a four-point reduction if the defendant played a "minimal" role in his crime or a two-point reduction if the defendant played a "minor" role in his crime. *See* U.S.S.G. § 3B1.2. Mosquera, nevertheless, stipulated in his plea agreement not to seek any further reductions beyond those already encompassed by the agreement. **Crim. No. 14-726, ECF No. 748 at 7**. Any objection to the PSR or argument at sentencing for a § 3B1.2 downward departure would thus have violated the plea agreement. Consequently, counsel Flores's performance cannot be said to be deficient here, where if she had argued for the reduction, she would have materially breached her client's plea agreement. *See United States v. Mojica-Caro*, 2012 WL 195525 at *3 (D.P.R. Jan. 23, 2012) (finding that the failure to argue for a § 3B1.2 reduction did not constitute ineffective assistance of counsel where doing so would have breached the defendant's plea agreement).

In addition, the record defeats petitioner's arguments on this issue. Contrary to petitioner's argument that this matter was never brought up, counsel Flores *did* note to the Court that her client "had minor participation" in the criminal conspiracy while arguing for his 32 months in Colombian custody to be credited. **Crim No. 14-726, ECF No. 1264 at 5**. Counsel Flores also successfully argued for a safety valve reduction with the government. *Id.* at 3. Furthermore, the sentence that petitioner ultimately received was the lowest possible sentence per the terms of his plea agreement, even crediting the time he had served in Colombia. This sentence in conjunction with counsel Flores's actions indicate a zealous advocacy on behalf of petitioner.

Regardless of whether the alleged error occurred during plea negotiations, presentence proceedings, or at his sentencing hearing, Mosquera fails to provide evidence that he would have changed his plea or that the sentencing judge would have given him a more favorable sentence. *See, e.g., Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 46 (D.P.R. 2006) (finding that petitioner failed *Strickland*'s prejudice prong when his petition was completely devoid of evidence of prejudice). Even if counsel Flores had been able to argue for a reduction without breaching the terms of the plea agreement, a two-point reduction would have recommended a guideline range of 70 to 87 months—Mosquera's sentence was within that range, even more so considering the time credited for time served in Colombia, which the Court was not required to consider. Even a successfully argued four-point reduction would have garnered a guideline range of 57 to 71 months. Again, Mosquera ultimately served 55 months, which falls below that range. *See Knight*, 37 F.3d at 773 (finding that, even if defendant's sentencing guidelines had

been miscalculated, the fact that his sentence fell within the desired guideline range proved the alleged error "f[e]ll well short of being a 'complete miscarriage of justice.'").

Lastly, it is well settled that "errors in the application of the sentencing guidelines ... are not cognizable under § 2255." *Knight*, 37 F.3d at 773. Petitioner does not proffer that he was sentenced in violation of the Constitution or the laws of the United States, that jurisdiction is lacking or that his sentence exceeds the statutory maximum. *See* 28 U.S.C. § 2255. Moreover, petitioner does not set forth any arguments that would raise his claims to the level of a miscarriage of justice. Accordingly, he is not entitled to habeas relief on these grounds.

C. *Type and Quantity of Drugs*

Finally, petitioner argues that counsel Flores erred by failing to point out that the government had not proven the elements of his crime "beyond a reasonable doubt." **ECF No. 1-1 at 24**. This argument is simply untenable. For a guilty plea, the Court need be convinced only that "the plea has a rational basis in facts . . . as supported by credible evidence"; the Court "need not be convinced beyond a reasonable doubt that an accused is guilty." *United States v. Pimentel*, 539 F.3d 26, 29 (1st Cir. 2008). Counsel Flores's assistance was not deficient for failing to point out that the opposing party had not met a higher evidentiary burden than it was required to prove. *Vieux v. Pepe*, 184 F.3d 59, 64 (1st Cir. 1999) ("Obviously, counsel's performance was not deficient if he declined to pursue a futile tactic." (citing *United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978))); *see also Miranda*, 2011 WL 13150194, at *2 ("Counsel's decision not to pursue 'futile tactics' will not be considered deficient performance." (quoting *Vieux*, 184 F.3d at 64)).

Furthermore, Mosquera was bound to the type and quantity of drugs stipulated in his plea agreement, which he knowingly and voluntarily signed. A petitioner's admission of guilt during his change of plea hearing "is entitled to significant (albeit not dispositive) weight when, as now, he seeks to vacate that plea through a collateral attack." *Wilkins v. United States*, 754 F.3d 24, 30 (1st Cir. 2014) (citing *Campbell v. Marshall*, 769 F.2d 314, 321–22 (6th Cir. 1985)). Thus, counsel Flores could not have argued as petitioner asks without contradicting stipulations set out in his plea agreement.

By signing his plea agreement, Mosquera stipulated, for purposes of the guideline calculations, that he was "accountable for conspiring to possess with intent to distribute at least 50, but less than 150 kilograms of cocaine." **Crim. No. 14-726, ECF No. 748 at 4**. Mosquera cannot gain advantage in sentencing by knowingly and voluntarily signing a plea agreement and then later attempt to gain further advantage by disputing the terms of that plea agreement. *See United States v. Santiago Miranda*, 654 F.3d 130, 137–38 (1st Cir. 2011) (rejecting defendant's arguments on direct appeal when they contradicted both his statements at his change of plea hearing and the terms of his plea agreement).

### IV.  Request for a hearing

Lastly, petitioner mentions in passing that evidentiary hearings are "require[d]" for § 2255 motions. **ECF No. 1-1 at 5–6**. Petitioner cites mostly out-of-circuit precedent for the proposition that such a hearing is required, but even the precedent cited recognizes that evidentiary hearings are not mandated where a § 2255 motion is "inadequate on its face." ECF

No. 1-1 at 6 n.5 (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. *Aponte-Aponte v. United States*, 374 F. Supp. 3d 171, 186 (D.P.R. 2019) (citations omitted). It is well settled that "evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Id.* (citing *Moreno-Morales v. United States*, 334 F. 3d 140, 145 (1st Cir. 2003)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

An evidentiary hearing, however, "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and the record of the case." *Aponte-Aponte*, 374 F. Supp. 3d at 186 (citing *United States v. DiCarlo*, 575 F. 2d 952, 954 (1st Cir. 1978)). Here, the record shows that petitioner's § 2255 motion is based on conclusory allegations and contradicted by the record. Consequently, an evidentiary hearing is neither required nor necessary and as such, the request for an evidentiary hearing is **DENIED**.

V.     **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255. To merit a

COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here. Thus, the Court will not issue him a certificate. Therefore, a COA is **DENIED**.

VI. **Conclusion**

Based on the above, petitioner's §2255 motion is **DENIED,** and the case is **DISMISSED WITH PREJUDICE. ECF No. 1.** He is also **DENIED** a COA. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30 day of March, 2022.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**